Filed 8/21/25  P. v. Arroyo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>MARTIN FRANK ARROYO,<br><br>     Defendant and Appellant. | G064720<br><br>(Super. Ct. No. 08ZF0026)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

After being found guilty of, among other offenses, two counts of attempted murder, Martin Frank Arroyo was sentenced to 20 years plus 15 years to life on one attempted murder conviction, and a concurrent term of 10 years plus 15 years to life on the other conviction. In 2023, Arroyo filed a petition to recall his sentence pursuant to Penal Code section 1170, subdivision (d)(1).[1] In his petition, Arroyo argued he was entitled to relief because he was 17 years old at the time he committed his offenses and his life sentences were equivalent to a sentence of life without the possibility of parole (LWOP). The trial court rejected his argument, and denied the petition.

Arroyo appealed. His appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, stating no arguable issues could result in a disposition more favorable to Arroyo. (*Wende*, *supra*, 25 Cal.3d at p. 442.) Arroyo did not file a supplemental brief. As discussed below, we find no reasonably arguable issue on appeal. We therefore affirm.

## I.

### STATEMENT OF THE FACTS

In 2010, a jury found Arroyo guilty of two counts of attempted murder and two other offenses. As to the first attempted murder offense, he was sentenced to 20 years plus 15 years to life. As to the second attempted murder offense, he was sentenced to a concurrent term of 10 years plus 15 years to life. The sentence on the other two crimes were imposed, but stayed.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

On September 7, 2023, Arroyo filed a petition to recall his sentence pursuant to section 1170, subdivision (d)(1), as interpreted in *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). Arroyo argued his life sentences was equivalent to LWOP, and that under *Heard*, he was entitled to recall and resentencing.

The trial court determined Arroyo was not sentenced to LWOP or the functional equivalent, as defined in *Heard* or in *People v. Contreras* (2018) 4 Cal.5th 349, 369 (*Contreras*) ["a sentence of 50 years to life is functionally equivalent to LWOP" with respect to an Eighth Amendment challenge to lengthy sentences for juvenile offenders].) Thus, Arroyo was ineligible for resentencing relief.

## II.

### DISCUSSION

Section 1170, subdivision (d) (1) provides "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for [LWOP] has been incarcerated for at least 15 years . . . may submit to the sentencing court a petition for recall and resentencing." In *Heard*, *supra*, 83 Cal.App.5th 608, the appellate court held that denying a defendant sentenced to a de facto LWOP "the opportunity to petition for resentencing under this provision violates his right to equal protection of the laws." (*Id.* at pp. 629, 634, fn. omitted.)

We reject Arroyo's argument that he is entitled to an opportunity for resentencing under section 1170, subdivision (d) (1) for two reasons. First, Arroyo has not shown that a sentence of 35 years to life is equivalent to LWOP. Cases finding a de facto LWOP have always involved much longer sentences. (See, e.g., *Contreras*, *supra*, 4 Cal.5th at p. 369 ["a sentence of 50

3

years to life is functionally equivalent to LWOP"]; *Heard, supra*, 83 Cal.App.5th at p. 612 ["sentence of 23 years plus 80 years to life"]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1047 [67 years, plus 40 years to life]; *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [10 years, plus 130 years to life].)

More important, given that Arroyo has not shown he is excluded from a youth offender parole hearing under section 3051, his equal protection claim is moot. In *People v. Ortega* (2025) 111 Cal.App.5th 1252, 1264, another panel of this court concluded that "the appellate court's analysis in *Heard* cannot be reconciled with the Supreme Court's analysis in" *People v. Franklin* (2016) 63 Cal.4th 261. "As in *Franklin*, Heard's constitutional claim was rendered moot by the Legislature's enactment of section 3051, and the *requirement* that he be given a youth offender parole hearing during his 25th year of incarceration (Heard was not in a category of offenders that would make him ineligible for relief under section 3051)." (*Ortega* at pp. 1264–1265.) We held the "equal protection claim is moot because under clear and binding precedent [appellant] *was not sentenced* to a prison term that *currently* violates the constitution (i.e., a sentence that is the functional equivalent of life in prison without the possibility of parole)." (*Id.* at p. 1265.)

Our independent review of the entire record does not show the existence of an arguable issue. (*Wende, supra*, 25 Cal.3d at pp. 442–443.) Therefore, we affirm the judgment.

4

The postjudgment order denying Arroyo's petition for resentencing pursuant to section 1170, subdivision (d)(1) is affirmed.


DELANEY, J.


WE CONCUR:


MOTOIKE, ACTING P. J.


SANCHEZ, J.